IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CASANA FURNITURE COMPANY, LTD. )
      )
   Plaintiff, )
      )
   v. )   1:08CV744
      )
COASTER COMPANY OF AMERICA )
      )
   Defendant. )

MEMORANDUM OPINION AND ORDER

OSTEEN, JR., District Judge

    Presently before the court is Defendant's Motion to Transfer Under 28 U.S.C. § 1404(a). (Doc. 11.) Plaintiff filed an Opposition to Motion to Transfer (Doc. 20), and Defendants filed a Reply Memorandum in Support of Motion to Transfer (Doc. 21). On March 4, 2009, this court held a hearing on the motion, where counsel for both parties appeared and presented arguments. This motion is now ripe for decision from the court. For the reasons set forth herein, Defendant's motion to transfer will be denied without prejudice to Defendant refiling an appropriate motion, if supported in fact and law, following completion of discovery.

I. **Background**

    Plaintiff, Casana Furniture Company Limited ("Casana"), is a Canadian corporation with a principal place of business in Winnipeg, Manitoba, Canada. Casana is the manufacturer and

distributor of furniture designs and products. Casana also conducts business in High Point, North Carolina, where it regularly sells its products. Casana initiated this lawsuit against Coaster in the Middle District of North Carolina in October 2008, alleging patent infringement, trade dress infringement under the Lanham Act, common law trade dress infringement, violation of the North Carolina Unfair and Deceptive Trade Practices Act, and common law unfair competition. (Compl. (Doc. 1) at 1.)

Defendant, Coaster Company of America ("Coaster"), is a California corporation with a headquarters and principal place of business in Santa Fe Springs, California. Coaster also develops and distributes furniture and other home decorative items. (Def.'s Mem. in Supp. of Mot. to Transfer (Doc. 12) at 1.) Coaster leases a showroom in High Point, but apparently does not have any employees in North Carolina. The company seeks to transfer the case to the Central District of California, where its principal operations are located and where "almost all of Coaster's officers, directors, and decision-making employees" are located. (Id. at 2.)

## II. Discussion

28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

2

division where it might have been brought." 28 U.S.C. § 1404(a). The statute sets forth a two-step process for determining whether or not to transfer the case. The court must first determine whether the action could have been brought in the district to which Defendant seeks a transfer. See id.; Knight Med., Inc. v. Nihon Kohden Am., Inc., 765 F. Supp. 291, 292 (M.D.N.C. 1991). "After determining that a suit could have been brought in another district, the court must determine whether that forum is a legally convenient one pursuant to 28 U.S.C. § 1404(a)." Knight Med., 765 F. Supp. at 292.

When making such a determination, a district court must weigh several discretionary factors, including:

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

Brown v. Flowers, 297 F. Supp. 2d 846, 850 (M.D.N.C. 2003) (citing Plant Genetic Sys. N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (4th Cir. 1984)). It is the moving party's burden to prove that the balance of factors favors transfer. Speed Trac Techs.,

Inc. v. Estes Express Lines, Inc., 567 F. Supp. 2d 799, 803 (M.D.N.C. 2008). "Unless the balancing of these factors weighs strongly in favor of the defendant, the plaintiff's choice of forum generally should not be disturbed." Brown, 297 F. Supp. 2d at 850 (citing Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984)). While a district court has discretion to transfer the action to a more appropriate venue, a court should not transfer venue where doing so would only shift the inconvenience to another party. See id.

### A. Step One: "Where the Action Could Have Been Brought"

The first step for this court in assessing whether a transfer is appropriate is determining whether the transferee court is one which the action could have been brought originally; in other words, whether the transferee court has subject matter jurisdiction over the action, whether venue is proper there, and whether the defendant is amenable to process issuing out of transferee court. Cable-La, Inc. v. Williams Commc'ns, Inc., 104 F. Supp. 2d 569, 574 (M.D.N.C. 1999). Defendant contends that the action could have been brought in the Central District of California. (Def.'s Mem. in Supp. of Mot. to Transfer (Doc. 12) at 4.) Plaintiff contends they are not subject to personal jurisdiction in California, and therefore a transfer to California would be legally improper. (Pl.'s Opp'n to Mot. to Transfer (Doc. 20) at 7.)

4

As this case is one that arises under federal trademark and patent law, the Central District of California would have jurisdiction over the federal question claims in this case. Plaintiff has also brought state law claims against Defendant and asserts pendant jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a). This court concludes that the Central District of California would have subject matter jurisdiction over this controversy, and Plaintiff does not argue otherwise. Nor does Plaintiff contest Defendant's claim that venue in the Central District of California is proper or that the district would have personal jurisdiction over Defendant, as Coaster has its headquarters and principal place of business there. Therefore, this court concludes that the case could have been brought in the Central District of California.[1]

---

[1] As previously mentioned, Plaintiff argues that "[t]he proper inquiry is whether both parties are subject to personal jurisdiction in the transferee court" and, as Casana does not have the requisite minimum contacts for establishing personal jurisdiction in California, transfer is improper. (Pl.'s Opp'n to Mot. to Transfer (Doc. 20) at 7-8.) Defendant contends that personal jurisdiction over the plaintiff is not a consideration in determining whether to transfer the case, and even if it was, Defendant should at least be given a period of discovery to further explore whether Casana would be subject to personal jurisdiction in California. (Def.'s Reply Mem. in Supp. of Mot. to Transfer (Doc. 21) at 3-6.) In light of this court's conclusion denying a transfer at step two of the analysis, infra, the court is not compelled to resolve this conflict.

5

Case 1:08-cv-00744-WO-WWD   Document 34   Filed 03/24/09   Page 5 of 11

### B. Step Two: Balancing the Convenience Factors

In the second step of the transfer analysis, the court must weigh discretionary factors regarding the convenience of a venue transfer. As previously mentioned, "[u]nless the balancing of these factors weighs <u>strongly</u> in favor of the defendant, the plaintiff's choice of forum generally should not be disturbed." <u>Brown</u>, 297 F. Supp. 2d at 850 (emphasis added). However, the plaintiff's choice of forum receives less weight "when (1) the plaintiff chooses a foreign forum, or (2) the cause of action bears little or no relation to the chosen forum." <u>Speed Trac</u>, 567 F. Supp. 2d at 803 (M.D.N.C. 2008).

Even though Plaintiff is a Canadian corporation, its choice to litigate in the Middle District of North Carolina is still entitled to deference due to its strong business presence in North Carolina. (<u>See</u> Friesen Decl. (Doc. 20-2) at 2-3 ("Casana's primary and largest business presence in the United States is in High Point, North Carolina . . . .").) <u>See also</u> <u>Sara Lee Corp. v. Gregg</u>, No. 1:02CV195, 2002 WL 32340892, at *6 (M.D.N.C. July 31, 2002) (concluding that even though plaintiff was not technically a resident of North Carolina, its strong textile manufacturing presence made its choice of venue entitled to deference). Furthermore, the choice of this venue does not seem to be "arbitrary," as Defendant claims. Rather, this action is related to the chosen forum in the sense that both companies have

showrooms in High Point and display their furniture at the High Point Furniture Market, and Casana asserts that the alleged infringement occurred within the district.

At the March 4, 2009 hearing, Defendants offered a recent Federal Circuit case, <u>In re TS Tech USA Corp.</u>, 551 F.3d 1315 (Fed. Cir. 2008), in support of its position that plaintiff's choice of forum should be given no deference. This court finds that the case is distinguishable. First, this case analyzes the transfer standard used by the Fifth Circuit Court of Appeals, and this standard is different than that used by the Fourth Circuit. <u>See</u> <u>In re TS Tech</u>, 551 F.3d at 1319 ("Under Fifth Circuit law, a motion to transfer venue should be granted upon a showing that the transferee venue is 'clearly more convenient' than the venue chosen by the plaintiff."). Furthermore, Plaintiff in this case did not choose to litigate in North Carolina simply because some of the allegedly infringing product is sold in this district, as was the case in <u>In re TS Tech</u>. <u>See</u> <u>id.</u> at 1318 (noting that defendant opposed the transfer "considering that several Honda vehicles containing the allegedly infringing headrest assembly had been sold in Texas"). In this case, both parties have a significant marketing and sales presence in this district, as evidenced by their permanent showroom and consistent appearance at the High Point Furniture Market. Thus, this case does not

7

affect the court's conclusion that Plaintiff's original choice of forum in this case should be given deference.

Having determined that Plaintiff's original choice of forum is entitled to deference, the court further concludes that Defendant has not demonstrated that the balance of the remaining discretionary factors weigh <u>strongly</u> in their favor.  The court first notes that discovery has not yet been conducted in this case, and the parties have not yet definitively identified the necessary witnesses or their location. At this point, Plaintiff has not specifically designated any witnesses, and Defendant has only identified two potential witnesses in California. Nevertheless, it is reasonable to infer that because Plaintiff's furniture and the allegedly infringing furniture were displayed, marketed, and sold at the High Point Furniture Market, both parties will have witnesses or evidence which is present in this state.  Accordingly, the location of witnesses as presently known does not "strongly" suggest a change of venue is necessary. However, discovery may present evidence which differs from the present conclusion, and for that reason, Defendant's motion to transfer will be denied without prejudice.

Likewise, the location of relevant permanent records or other evidence has not yet been determined.  But regardless of their location, any files, records, and documents that Coaster apparently keeps in California can be easily copied and

8

transported to the Middle District of North Carolina or sent electronically, and thus their location is entitled to little weight. See Finmeccanica S.P.A. v. Gen. Motors Corp., No. 1:07CV794, 2007 WL 4143074, at *7 (E.D. Va. Nov. 19, 2007) ("The Court is also skeptical that, in the age of electronic discovery, the location of potentially relevant documents has much impact on the convenience to either party."). A more persuasive fact in support of keeping venue in this district is that both companies have showrooms in High Point, where presumably the very furniture that is the subject of this litigation is displayed and housed.

The two companies' significant commercial presence in North Carolina, specifically at the High Point Furniture Market, provides further support for maintaining Casana's choice of venue. As Casana points out, "the High Point Furniture Market is the largest trade industry show in the world and is the primary venue through which Casana – and virtually all other furniture companies in the United States, including Coaster – market and promote their furniture." (Pl.'s Opp. to Mot. to Transfer (Doc. 20) at 13; Friesen Decl. (Doc. 20-2) at ¶ 7.) It seems reasonable that North Carolina has an interest in resolving intellectual property claims arising from the marketing and sale of furniture within the state.

Finally, this court finds that the relative congestion of the transferee venue in comparison to that of the Middle District

9

of North Carolina favors maintaining venue in this district. See Speed Trac, 567 F. Supp. 2d at 805 (noting that when evaluating court congestion, "the most relevant statistics are the median time from filing to disposition, median time from filing to trial, caseload per judge, and number of civil cases over three years old."). Although the times to trial or disposition in the Middle District of North Carolina and the Central District of California are comparable, the number of pending cases per judge in the Middle District of North Carolina is significantly lower than that in the Central District of California. (O'Brien Decl. (Doc. 13) Ex. A.) These statistics support denying transfer and maintaining the case in the Middle District of North Carolina.

### III. Conclusion

For the reasons set forth above, this court concludes that while this lawsuit could have been brought in the Central District of California, Plaintiff Casana's choice to litigate in the Middle District of North Carolina is entitled to deference. Defendant Coaster has not demonstrated that the balance of the convenience factors weigh <u>strongly</u> in their favor, and thus Plaintiff's choice of forum should not be disturbed.

Accordingly, Defendant Coaster's Motion to Transfer Under 29 U.S.C. § 1404(a) is hereby DENIED without prejudice to Defendant refiling an appropriate motion, if supported in fact and law, following completion of discovery.

10

This the 24th day of March 2009.

                                                       /s/ William L. Osteen, Jr.
                                                  United States District Judge